United States District Court
Southern District of Texas
**ENTERED**
December 04, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARCO A. GARCIA-ECHAVERRIA, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | MISC. ACTION NO. 7:06-MC-61 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner Marco A. Garcia-Echaverria, a federal prisoner proceeding pro se, initiated this miscellaneous action seeking to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1-1.) Petitioner is in federal custody after having been "indicted for illegal reentry [in violation of] 8 U.S.C. § 1326(a) & (b)." (*Id.* at 9.) He alleges that his constitutional rights are being violated because the "initial order of removal was in violation of his due process and equal protection rights." (*Id.* at 7.)

However, Petitioner failed to pay the required $5 filing fee to proceed with this action. Although Petitioner filed an application to proceed in forma pauperis, he failed to include a certified copy of his inmate trust fund account statement. (*See* Docket No. 1, at 1-2.) To make matters worse, Petitioner failed to comply with a court order alerting him to the deficiency and directing him to either pay the filing fee or submit a properly-supported application to proceed in forma pauperis. (Docket No. 2.) The court's order was returned as undeliverable, also suggesting that Petitioner failed to keep the Clerk updated as to his most recent address. (Docket No. 4.) Furthermore, Petitioner has taken no action in this case in over sixteen (16) years.

As discussed below, Petitioner has failed to prosecute this action, including failing to respond to a court order and failing to correct his deficiencies. As such, the undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

In November of 2006, Petitioner filed the instant action seeking to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1-1.) Petitioner explains that he is a citizen of Mexico who "lawfully entered the United States in [ ] 1980," and that in 1990 "his status was adjusted to lawful permanent resident." (*Id.* at 6.) However, in 1997 he pleaded guilty in Kentucky to "trafficking marijuana over 8oz but less than 5 pounds," and was "sentenced to 5 years of prison." (*Id.* at 7-8.) Based on that conviction, an immigration judge "issued an order of removal as an aggravated felony from the United States to Mexico." (*Id.* at 8-9.) Petitioner was subsequently deported to Mexico in 2000. (*Id.* at 9.) "On September 11, 2006, Petitioner was indicted for illegal reentry [in violation of] 8 U.S.C. § 1326(a) & (b)," after he "was arrested by the Texas Department of Public Safety (DPS)" for driving while intoxicated. (*Id.*)

In his proposed § 2241 petition, Petitioner asserts the "initial order of removal" was a violation of his constitutional due process rights" because he was denied "the opportunity to argue that his conviction of Kentucky trafficking in marijuana . . . was not an aggravated felony." (*Id.* at 10.) As for relief, Petitioner requests that the Court "issue an order vacating the orders of removal issued against [him]" and grant him "a full and complete hearing on the merits of [this] action." (*Id.* at 28-29.)

However, as noted, Petitioner's initial pleading was deficient in that he failed to pay the required filing fee. Petitioner did submit an application to proceed in forma pauperis; however,

2

he failed to include a certified copy of his inmate trust fund account statement. (Docket No. 1, at 1-2.) As such, the court entered an order alerting Petitioner to his deficiencies. Petitioner was directed to either pay the $5 filing fee or file a properly supported application to proceed in forma pauperis. (Docket No. 2.) He was directed to comply "<u>within thirty (30) days of the date of this Order</u>." (*Id.* (emphasis in original).) Petitioner was also informed that he "must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary." (*Id.*) Petitioner was further warned that "<u>[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case</u>." (*Id.* at 1-2 (emphasis in original).)

Petitioner failed to respond to the order, and he has taken no further action in this case in over sixteen (16) years.

## II. ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2241 habeas corpus action in federal court. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all

3

of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Petitioner has failed to fulfill his burden of keeping the Clerk updated as to his current address as required by Local Rule 83.4. As described above, the last court document sent to Petitioner was returned as undeliverable. (Docket No. 4.) Second, Petitioner has never paid the required filing fee, and he failed to respond to the Court's order that alerted him to his deficiencies. In addition, in over sixteen (16) years he has not taken any other action to move his case forward.

Here, Petitioner has failed to prosecute this action. Because Petitioner failed to provide an updated address in compliance with Local Rule 83.4, failed to respond to the Court's order, and failed to either pay the filing fee or submit a properly-supported application to proceed in forma pauperis, this case should be dismissed for failure to prosecute. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011)

4

(dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Petitioner.[1] *See Hulsey*, 929 F.2d at 171; *Martin*, 405 F. App'x at 860; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1-1) be DENIED, and that this action be DISMISSED for failure to prosecute. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[2]

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking

---

[1] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

[2] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on December 1, 2023.

                                              Nadia S. Medrano
                                    UNITED STATES MAGISTRATE JUDGE